7/15/2019 9:58 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35112778
By: Miaeda Hutchinson
Filed: 7/15/2019 9:58 AM

NO. _____

| | |
|---|---|
| PHILIP DRAYTON, | IN THE DISTRICT COURT |
| Plaintiff, | |
| vs. | HARRIS COUNTY, TEXAS |
| UNITED AIRLINES, INC., ABM AVIATION, INC., ABM INDUSTRIES INCORPORATED, and AIR SERV CORPORATION, | |
| Defendants. | \_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Philip Drayton ("Drayton") files this Original Petition, Demand for Jury Trial, and Request for Disclosure to Defendants United Airlines, Inc., ABM Aviation, Inc., ABM Industries Incorporated and Air Serv Corporation. In support of his claim, Drayton shows the following:

1

## DISCOVERY CONTROL PLAN

1. This case falls within Level 2 of Texas Rule of Procedure 190.3.

## PARTIES

2. Plaintiff Philip Drayton is an individual who resides in Redding, Shasta County, California.

3. Defendant United Airlines, Inc. ("United") is a Delaware corporation with its principal place of business in Chicago, Illinois. It does business throughout the world including in Harris County, Texas. It may be served through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

4. Defendant ABM Industries, Incorporated is a Delaware corporation with its corporate headquarters in New York. It does business throughout the United States, including in Harris County, Texas. ABM Industries, Incorporated may be served through it registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

5. Defendant ABM Aviation, Inc. is a Georgia corporation with its principal place of business in Sugar Land, Texas. It does business throughout the United States, including in Harris County, Texas. ABM Aviation, Inc. may be served through it registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

6. Defendant Air Serv Corporation is a Georgia corporation with its principal place of business in Sugar Land, Texas. It does business throughout the United States, including in Harris County, Texas. Air Serv may be served through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this case because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

8. This Court has personal jurisdiction over the Defendants because they have substantial contacts in Texas and the facts that form the basis for this case arise out of those contacts.

9. Venue is proper in Harris County, Texas because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County. Venue is also proper because one or more of the defendants resides in Harris County.

## FACTS

10. On or about July 17, 2017, Drayton was booked as a passenger on United flight 1844 from George Bush Intercontinental Airport in Houston, Texas to San Francisco, California. As a result of a prior medical condition, Drayton had a temporary need for assistance to get on the plane. When Drayton arrived at the Houston airport, Defendants and each of them provided and controlled a wheelchair in which Drayton rode. Defendants negligently, and without using reasonable care, navigated and operated the wheelchair causing Drayton's leg to collide with a fixed object—the wall next to the entrance to the plane. The force of the impact caused Drayton to experience severe pain and injuries which required medical treatment on the flight, immediately afterwards, and throughout the past two years.

## NEGLIGENCE

11. Defendants undertook a duty of care to the public, including Drayton, to provide prompt enplaning assistance, including assistance in moving their disabled customers within the Bush airport terminal, if requested. The assistance included, as needed, the services of personnel and use of wheelchairs to provide or ensure transportation assistance requested by or on behalf of a passenger. Drayton was a disabled member of the public who requested and needed assistance moving onto a United plane. Each Defendant breached its duty of care in one or more of the following non-exclusion ways:

      a. failing to exercise ordinary care in hiring its employees and agents;

      b. failing to exercise ordinary care in training its employees and agents;

      c. failing to exercise ordinary care in supervising its employees;

      d. failing to use ordinary care in transporting Drayton onto the plane;

12. Each Defendant's breach of its duty of care was a proximate cause of injuries and damages to Drayton.

## RESPONDEAT SUPERIOR

13. At all times relevant, Defendants' employees were acting in the course and scope of their employment and in furtherance of their employers' business objectives. Therefore, Defendants are responsible for their negligent conduct under the doctrine of *respondeat superior*.

14. Moreover, Defendants were negligent through acts and omissions, by and through their agents, servants and/or employees, acting in the course and scope of their legal relationships, individually and/or collectively.

## COMMON CARRIER

15. Each defendant is a common carrier and as such is required to exercise the highest degree of care and diligence in the safety of its passengers and customers.

## DAMAGES

16. As a result of Defendants' negligence, Drayton suffered the following damages:

    a. Physical pain and mental anguish in the past and future

    b. Physical impairment in the past and future;

    c. Physical disfigurement in the past and future;

    d. The need for medical and related care in the past and future;

    e. Lost wages and/or earning capacity in the past and future.

17. Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Drayton seeks monetary relief exceeding $1,000,000.00. Drayton reserves the right to amend this declaration as the facts of the case are more thoroughly discovered.

## JURY DEMAND

18. Drayton requests that the claims in this case be decided by a jury and the appropriate fee has been paid.

## REQUEST FOR DISCLOSURE

19. Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## PRAYER

Wherefore, Plaintiff Philip Drayton prays that citation be issued and Defendants be served, and upon trial on the merits the Court enter judgment for Plaintiff and against Defendants, jointly and severally, for actual damages, together with prejudgment interest, post judgment interest, court costs, and such other relief to which he may be entitled.

Respectfully submitted,

/s/ Richard Frankel
Texas Bar No. 07371800
REINER, SLAUGHTER
& FRANKEL, LLP
3773 Richmond Ave., Suite 550
Houston, Texas 77046
Telephone: (713) 528-2519
E-mail: rfrankel@reinerslaughter.com