United States District Court
Southern District of Texas
**ENTERED**
December 15, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PHILIP DRAYTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-19-2993 |
| UNITED AIRLINES, INC.; ABM § | |
| AVIATION, INC.; ABM INDUSTRIES § | |
| INCORPORATED; and AIR SERV § | |
| CORPORATION, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Philip Drayton ("Plaintiff") filed this personal injury action against United Airlines, Inc. ("United"), ABM Aviation Inc., ABM Industries Incorporated, and Air Serv Corporation (collectively, "Defendants").[1] Plaintiff alleges that Defendants' negligence caused injuries to his leg.[2] Pending before the court is Defendants' Motion for Summary Judgment ("Defendants' MSJ") (Docket Entry No. 32). For reasons stated below, Defendants' Motion for Summary Judgment will be granted.

---

[1] Plaintiff's Original Petition ("Complaint"), Exhibit D to Defendants United Airlines, Inc., ABM Aviation, Inc., ABM Industries Incorporated, and Air Serv Corporation's Notice of Removal ("Notice of Removal"), Docket Entry No. 1-4, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2] Id. at 3 ¶ 10, 4 ¶ 11.

## I. Factual and Procedural Background

### A. Plaintiff's Complaint and Allegations

Plaintiff filed his Complaint in the District Court of Harris County, Texas, on July 15, 2019.[3] Defendant removed the action to this court on August 12, 2019.[4]

The Complaint alleges that on July 17, 2017, Plaintiff traveled "on United flight 1844 from George Bush Intercontinental Airport in Houston, Texas to San Francisco, California."[5]  "As a result of a prior medical condition, [Plaintiff] had a temporary need for assistance to get on the plane."[6] Plaintiff alleges that "Defendants and each of them provided and controlled a wheelchair in which [Plaintiff] rode."[7] Plaintiff alleges that Defendants "navigated and operated the wheelchair causing [Plaintiff's] leg to collide with a fixed object—the wall next to the entrance to the plane."[8] "The force of the impact caused [Plaintiff] to experience severe pain and injuries which required medical treatment on the

---

[3]Id. at 1.

[4]Notice of Removal, Docket Entry No. 1, pp. 1, 4.

[5]Complaint, Exhibit D to Notice of Removal, Docket Entry No. 1-4, p. 3 ¶ 10; Defendants' MSJ, Docket Entry No. 32, p. 8 ¶ 10.

[6]Complaint, Exhibit D to Notice of Removal, Docket Entry No. 1-4, p. 3 ¶ 10.

[7]Id.

[8]Id.

flight, immediately afterwards, and throughout the past two years."[9]

Plaintiff asserts a negligence claim against Defendants based on these allegations.[10] Plaintiff alleges that "Defendants undertook a duty of care to the public, including [Plaintiff], to provide prompt enplaning assistance."[11] Plaintiff alleges that Defendants breached this duty by "failing to use ordinary care in transporting [Plaintiff] onto the plane."[12] Plaintiff also alleges that Defendants breached their duty by failures in hiring, training, and supervising their employees.[13] Plaintiff alleges that each of these breaches was a proximate cause of his injuries.[14]

B. **Defendants' Motion For Summary Judgment**

Following discovery, Defendants filed their Motion for Summary Judgment on November 8, 2022.[15] Plaintiff filed Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff's

---

[9] Id.

[10] Id. at 4 ¶ 11.

[11] Id. Plaintiff alleges that "Defendants' employees were acting in the course and scope of their employment and in furtherance of their employers' business objectives. Therefore, Defendants are responsible for their negligent conduct under the doctrine of *respondeat superior*." Id. ¶ 13.

[12] Id. ¶ 11.d.

[13] Id. ¶ 11.a-c.

[14] Id. ¶ 12.

[15] Defendants' MSJ, Docket Entry No. 32, p. 1.

-3-

Response") (Docket Entry No. 34) on November 29, 2022.[16] Defendants filed their Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment ("Defendants' Reply") (Docket Entry No. 35) on December 6, 2022.

In support of their Motion for Summary Judgment Defendants cite Plaintiff's own testimony.[17] At his deposition Plaintiff could not remember the date and year of the alleged injury.[18] At times he stated that he could not remember the airline, and at times he stated it was American Airlines.[19] Contrary to the Houston to San Francisco to Redding itinerary referenced in the Complaint, Plaintiff testified that he was injured while flying from Houston to Sacramento.[20] Plaintiff testified that he lived in Sacramento at the time of the injury and that he only later moved to Redding (his final destination with United on July 17, 2017).[21] Plaintiff testified that he was taken from the airport to Methodist Hospital in Sacramento by his brother, who also lived in Sacramento.[22]

---

[16] Plaintiff's Response, Docket Entry No. 34, p. 1.

[17] Defendants' MSJ, Docket Entry No. 32, pp. 6-7 ¶ 5.

[18] Oral and Videotaped Deposition of Philip Drayton ("Plaintiff's Deposition"), Exhibit A to Defendants' MSJ, Docket Entry No. 32-1, pp. 5 (64:9-19), 6 (66:5-17), 9 (69:18-24).

[19] Id. at 11 (71:10-11), 12 (79:8-23), 13 (97:14-19), 14 (98:1-2).

[20] Id. at 7-8 (67:23-68:9), 10-11 (70:21-71:9), 13 (97:11-24).

[21] Id. at 26 (134:9-25).

[22] Id. at 24-25 (132:25-133:17), 26 (134:9-15), 27 (135:1-3).

## C. Plaintiff's Response

In opposition to Defendants' MSJ Plaintiff points to the August 8, 2017, statement of Philippa Lawrence—another passenger on United flight 1844 from Houston to San Francisco on July 17, 2017.[23] Plaintiff disclosed this statement to Defendants on November 8, 2022—the same day Defendants filed the pending Motion for Summary Judgment.[24]

Lawrence stated that she was part of the advanced boarding group for the flight.[25] She stated that she was going down the boarding ramp two or three paces behind an employee pushing a man in a wheelchair.[26] She stated that the employee was looking at her phone and "not really paying attention to what she's doing."[27] She stated that the employee pushed the man into the ramp's wall.[28] She also states that the man was in a considerable amount of pain afterwards and that the knee had swollen up.[29]

---

[23]Transcript of Recorded Statement of Philippa Lawrence ("Lawrence's Statement"), Exhibit 2 to Plaintiff's Response, Docket Entry No. 34-2.

[24]Plaintiff, Philip Drayton Supplement to Rule 26(a)(1) Initial Disclosures, Exhibit B to Defendants' Reply, Docket Entry No. 35-2, p. 2.

[25]Lawrence's Statement, Exhibit 2 to Plaintiff's Response, Docket Entry No. 34-2, p. 5:9-13.

[26]Id. at 3:16-22, 6:9-13, 18-23.

[27]Id. at 4:4-9.

[28]Id. at 4:9-11.

[29]Id. at 6:23-24.

Plaintiff's Response also attaches airline tickets showing that he was scheduled to be on United flight 1844 on July 17, 2017,[30] interrogatory responses by ABM Aviation that say Plaintiff was "assigned a Customer Care Agent to assist with boarding UA 1844,"[31] and Plaintiff's Deposition.[32]

## II. **Legal Standard**

### A. **Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact is or is not genuinely disputed must support the assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). Summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

---

[30]Plaintiff's United Airline Tickets, Exhibit 1 to Plaintiff's Response, Docket Entry No. 34-1, p. 3.

[31]Defendant ABM Aviation, Inc.'s Answers and Objections to Plaintiff's First Set of Interrogatories ("ABM Aviation's Interrogatory Responses"), Exhibit 3 to Plaintiff's Response, Docket Entry No. 34-3, p. 4 (Answer to Interrogatory No. 1).

[32]Oral and Videotaped Deposition of Philip Drayton, Exhibit 4 to Plaintiff's Response, Docket Entry No. 34-4, p. 1. Plaintiff cites the Deposition generally, arguing that "Plaintiff testified to his injuries from the incident in his deposition and can testify in trial." Plaintiff's Response, Docket Entry No. 34, p. 5 ¶ 15.

trial." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). "[T]he burden on the moving party may be discharged by 'showing'- that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." Id. at 2554.

B. **Federal Rules of Civil Procedure 26(a) & 37(c)**

Rule 26(a)(1)(A) requires that a party must "provide to the other parties . . . a copy--or a description by category and location--of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). These initial disclosures are to be made "within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Fed. R. Civ. P. 26(a)(1)(C). "If a party fails to provide information or identify a witness as required by Rule 26(a) [], the party is not allowed to use that information or witness to supply evidence on a motion. . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

### III. Analysis

Defendants argue that Plaintiff's claim fails because there is no evidence that the alleged injury occurred in relation to a United flight.[33] Plaintiff argues that Lawrence's Statement

---

[33]Defendants' MSJ, Docket Entry No. 32, pp. 8-9 ¶¶ 9-12.

supports the allegation that Plaintiff's injury occurred during boarding of United flight 1844.[34] Defendants reply that Lawrence's Statement should be disregarded because it is "extraordinarily untimely," because it is hearsay under Rule 801(c), and because it violates Rule 1002—the Best Evidence Rule.[35]

**A.   Plaintiff's Delayed Disclosure of Lawrence's Statement**

Defendant challenges Plaintiff's use of Lawrence's Statement to oppose the Motion for Summary Judgment. Rule 26(a)(1)(A)(ii) required Plaintiff to disclose documents in his possession that he may use to support his claim. Lawrence's Statement was taken on August 8, 2017, well before the filing of this lawsuit.[36] Plaintiff made Rule 26(a) initial disclosures within the required 14 days of the parties' November 1, 2019, Rule 26(f) conference.[37] But Plaintiff's Initial Disclosures merely identified Lawrence as a possible witness.[38] They did not state that there was a transcript of Lawrence's Statement or even that she had been interviewed.[39]

---

[34] Plaintiff's Response, Docket Entry No. 34, p. 5 ¶ 14.

[35] Defendants' Reply, Docket Entry No. 35, pp. 1-2, 5.

[36] Lawrence's Statement, Exhibit 2 to Plaintiff's Response, Docket Entry No. 34-2, p. 1.

[37] Plaintiff's Rule 26(a)(1) Initial Disclosures ("Plaintiff's Initial Disclosures"), Exhibit A to Defendants' Reply, Docket Entry No. 35-1, p. 4.

[38] Id. at 2.

[39] Id.

Lawrence's Statement was disclosed years later and on the same day that Defendants filed this Motion for Summary Judgment. Plaintiff has made no attempt to justify the late production, and the delay was not harmless. See Fed. R. Civ. P. 37(c)(1). Defendants have litigated the case for years and prepared their Motion for Summary Judgment without knowledge of Lawrence's Statement. Plaintiff is therefore "not allowed to use [the Statement] to supply evidence on [this] motion." Id. Because the court disregards Lawrence's Statement due to Plaintiff's Rule 26(a) violation, it need not consider Defendants' hearsay and Best Evidence Rule objections.

**B.   Summary Judgment on the Remaining Evidence**

The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. IHS Cedars Treatment Center of DeSoto, Texas, Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004). To satisfy the breach and proximate causation elements Plaintiff must offer some evidence about Defendants' acts or omissions and some evidence tying them to the injury. The parties agree that Plaintiff flew on United flight 1844 on July 17, 2017,[40] and ABM Aviation confirmed that Plaintiff was given boarding assistance.[41] But without

---

[40] Complaint, Exhibit D to Notice of Removal, Docket Entry No. 1-4, p. 3 ¶ 10; Defendants' MSJ, Docket Entry No. 32, p. 8 ¶ 10.

[41] ABM Aviation's Interrogatory Responses, Exhibit 3 to Plaintiff's Response, Docket Entry No. 34-3, p. 4.

Lawrence's Statement, there is no evidence that Plaintiff's injury occurred on that day or in relation to any United flight. Instead, Plaintiff's own testimony states that the injury occurred with a different airline on a different flight itinerary than the one alleged. Because Plaintiff has failed to offer evidence that his injury occurred in relation to a United flight or any other conduct by Defendants, he cannot satisfy the elements of breach or causation. For this reason, Defendants' Motion for Summary Judgment will be granted.

## IV. Conclusion and Order

Plaintiff has failed to offer valid evidence that his injury occurred during his United flight itinerary, so his negligence claim fails. Defendants' Motion for Summary Judgment (Docket Entry No. 32) is therefore **GRANTED**.

**SIGNED** at Houston, Texas, on this 15th day of December, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE