# United States Court of Appeals for the Fifth Circuit

United States Courts
Southern District of Texas
FILED
October 03, 2023
Nathan Ochsner, Clerk of Court

No. 23-20017
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
September 11, 2023
Lyle W. Cayce
Clerk

PHILIP DRAYTON,

*Plaintiff—Appellant,*

*versus*

UNITED AIRLINES, INCORPORATED; AIR SERV CORPORATION; ABM INDUSTRIES, INCORPORATED; ABM AVIATION, INCORPORATED,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-2993

---

Before DENNIS, ENGELHARDT, and WILSON, *Circuit Judges.*
PER CURIAM:*

Plaintiff-Appellant Philip Drayton filed this personal injury suit against Defendants-Appellees United Airlines, Inc. ("United"), ABM Aviation Inc., ABM Industries Incorporated, and Air Serv Corporation ("Defendants"). Drayton alleges that he suffered injuries to his leg as a result of

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

the Defendants' negligence. The Defendants moved for summary judgment. The district court granted summary judgment in favor of the Defendants, finding that Drayton had failed to offer evidence that would prove an essential element of his claim. We AFFIRM.

## Facts and Procedural Background

Drayton filed his complaint in the District Court of Harris County, Texas, on July 15, 2019. The Defendants removed the action to the Southern District of Texas on August 12, 2019. Drayton alleges in his complaint that he was injured on July 17, 2017, while traveling on United Flight 1844 from Houston, Texas to San Francisco, California. Drayton claims he suffered his injuries when the wheelchair he was riding in collided with a wall during the boarding process. He asserts a negligence claim based on his injuries, claiming the Defendants breached their duty of care by "failing to provide ordinary care in transporting him to the plane," proximately causing his injuries.

Following discovery, the Defendants filed their motion for summary judgment on November 8, 2015. In support of their motion, the Defendants largely relied on Drayton's own deposition testimony. At his deposition, Drayton testified that he didn't "remember the exact day," or even the year, of the injury. At first, he stated that he was not sure what airline he traveled on when he suffered his injury, but later recalled that it was on American Airlines, not United, one of the defendants here. The Defendants argued that based on the deposition and other summary judgment evidence, Drayton could not demonstrate that the Defendants owed him a duty of care or breached that duty, warranting summary judgment.

In response to the Defendants' motion for summary judgment, Drayton pointed to the August 8, 2017, statement of Philippa Lawrence (the "Lawrence statement"), another passenger on United Flight 1844. Drayton disclosed this statement to the Defendants on November 8, 2022, the same

2

day they filed their motion for summary judgment. In the document, Lawrence stated that while boarding, she saw that the employee pushing Drayton in the wheelchair was "not really paying attention to what she's doing." She then stated that the employee pushed Drayton into a wall, and as a result he appeared to be in a considerable amount of pain. In addition to her statement, Drayton also attached his airline tickets for the United flight, interrogatory responses to ABM aviation stating that he was "assigned a Customer Care Agent to assist with boarding" that flight, and his deposition as summary judgment evidence.

After considering the Defendants' motion and Drayton's response, the district court found that Drayton's delayed disclosure of the Lawrence statement was untimely under Fed. R. Civ. P. 26(a)(1)(A)(ii), and thus disregarded it under Fed. R. Civ. P. 37(c)(1). It then found that without the Lawrence statement, the "plaintiff has failed to offer evidence that his injury occurred in relation to a United flight or any other conduct by Defendants." Thus, because Drayton could not "satisfy the elements of breach or causation," the district court granted the Defendants' motion for summary judgment. Drayton appealed to this Court.

## Summary Judgment Standard

This court reviews grants of summary judgment *de novo*. *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004) (citing *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 890 (5th Cir. 2003)). Summary judgment is only appropriate when "the movant shows that there is no genuine dispute as to any material fact." FED. R. CIV. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record ..." FED. R. CIV. P. 56(c)(1)(A). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon

motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### Federal Rules of Civil Procedure 26(a) & 37(c)

Rule 26(a)(1)(A) requires that the parties "must . . . provide to the other parties . . . all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(ii). These disclosures "must be made within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." FED. R. CIV. P. 26(a)(1)(C). Under Rule 37, "[i]f a party fails to provide information . . . as required by Rule 26(a). . . the party is not allowed to use that information . . . to supply evidence on a motion...unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

### Analysis

#### 1. The district court properly disregarded the Lawrence statement

The district court disregarded the Lawrence statement under Rule 37(c) when considering the Defendants' motion for summary judgment because Drayton failed to timely disclose the document under Rule 26(a)(1). We review a district court's decision to exclude evidence pursuant to Rule 37(c) for abuse of discretion. *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 277 (5th Cir. 2009).

The district court did not abuse its discretion here, and correctly disregarded the Lawrence statement. Drayton disclosed the statement to the Defendants more than two years after the parties' Rule 26(f) conference, well

in expiration of the 14-day window provided for timely disclosure. *See* FED. R. CIV. P. RULE 26(A)(1)(C). Contrary to Drayton's arguments on appeal, the mere disclosure of Lawrence's name as a potential witness is insufficient to escape the ambit of the Rule. It requires disclosure of *documents*, such as her statement, not merely her name as a witness.

Nor does this Court see any reason to disturb the district court's finding that the disclosure was not substantially justified or harmless. Drayton makes no attempt on appeal to argue that his failure to disclose the statement was substantially justified, and his arguments that it was harmless are unavailing. And as we have held, permitting new evidence at the summary judgment stage is not harmless under Rule 37. *See CQ, Inc.,* 565 F.3d at 280 ("[G]iven the advanced stage of the litigation [motions for summary judgment], permitting the new evidence would not have been harmless.").

### 2. Summary judgment is appropriate on the remaining evidence

Drayton argues on appeal that even without the Lawrence statement, summary judgment is inappropriate because the district court "gave improper weight" to the plaintiff's deposition testimony and disputed fact issues remain.

To avoid summary judgment, the non-moving party must establish "the existence of an element essential to that party's case . . . on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. Under Texas law, the elements of a negligence claim include "a duty, a breach of that duty, and damages proximately caused by the breach." *Western Investments, Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). The parties agree that Drayton flew on United Flight 1844 on July 17, 2017, and received boarding assistance. However, without the Lawrence statement, Drayton cannot point to any facts in the record showing that his injuries occurred on that day or on any United flight. This alone demonstrates that he has failed

...

to establish the essential elements of breach and proximate causation, warranting summary judgment. *See Celotex Corp.*, 477 U.S. at 322.

Further, contrary to Drayton's assertions, the district court did not "improperly weigh" his deposition testimony. Rather than making any kind of credibility determination, it discussed his deposition testimony to note that it failed to establish an essential element of his claim.

## Conclusion

Because the district court properly granted the Defendants' motion for summary judgment, we AFFIRM the district court's judgment.